**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 22-cv-2111**

ROCKY MOUNTAIN GUN OWNERS,
NATIONAL ASSOCIATION FOR GUN RIGHTS,
BRYAN LAFONTE,
CRAIG WRIGHT, and
GORDON MADONNA

      Plaintiffs,

v.

CITY OF LOUISVILLE, COLORADO

      Defendant.

---

**COMPLAINT**

---

Plaintiffs submit the following Complaint against Defendant City of Louisville, Colorado (the "City").

## I. PARTIES

1.     Plaintiff RMGO is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4). RMGO seeks to defend the right of all law-abiding individuals to keep and bear arms. RMGO has members who reside within the City. RMGO represents the interests of its members who reside in the City. Specifically, RMGO represents the interests of those who are affected by the City's prohibition of commonly used firearms and magazines. In addition to their standing as citizens and taxpayers, those members' interests include their wish to exercise their constitutionally protected right to keep and bear arms without being subjected to criminal prosecution and to continue to lawfully possess and/or

1

transfer property that they lawfully obtained. But for the City's unlawful prohibition of commonly used arms and their reasonable fear of prosecution for violating these prohibitions, RMGO members would seek to acquire, keep, possess and/or transfer lawful arms for self-defense and other lawful purposes. For purposes of this Complaint, the term "Plaintiffs" is meant to include RMGO in its capacity as a representative of its members.

2.      Plaintiff NAGR is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4). NAGR seeks to defend the right of all law-abiding individuals to keep and bear arms. NAGR has members who reside within the City. NAGR represents the interests of its members who reside in the City. Specifically, NAGR represents the interests of those who are affected by the City's prohibition of commonly used firearms and magazines. In addition to their standing as citizens and taxpayers, those members' interests include their wish to exercise their constitutionally protected right to keep and bear arms without being subjected to criminal prosecution and to continue to lawfully possess and/or transfer property that they lawfully obtained. But for the City's unlawful prohibition of commonly used arms and their reasonable fear of prosecution for violating these prohibitions, NAGR members would seek to acquire, keep, possess and/or transfer lawful arms for self-defense and other lawful purposes. For purposes of this Complaint, the term "Plaintiffs" is meant to include NAGR in its capacity as a representative of its members.

3.      Plaintiffs Bryan LaFonte, Craig Wright and Gordon Madonna are residents of the City and are law-abiding citizens of the United States. They currently own certain semi-automatic firearms that are putatively made illegal by the Code (defined below), and they currently own magazines capable of holding more than 10 rounds of ammunition. The have possessed this property lawfully for years. They seek to continue possessing their lawfully owned property,

acquire additional arms putatively made illegal by the Code, and lawfully transfer their property to others. But for the City's restrictions on commonly used arms, and their reasonable fear of criminal prosecution for violating these restrictions, they would continue to possess their lawfully owned arms, acquire additional arms, and/or transfer them to others.

4. Defendant City of Louisville, Colorado is a Colorado home rule municipal corporation with an address of 749 Main Street, Louisville, Colorado.

5. Defendant is or will enforce the unconstitutional provisions of the Code against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

### III.  JURISDICTION AND VENUE

6. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the State, of rights, privileges or immunities secured by the United States.

7. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### IV.  GENERAL ALLEGATIONS

9. The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed." U.S. CONST. amend. II; *see also D.C. v.*

*Heller*, 554 U.S. 570 (2008) ("*Heller*"); *McDonald v. City of Chicago*, 561 U.S. 742 (2010) ("*McDonald*"); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 2022 WL 2251305 (U.S. June 23, 2022) ("*Bruen*").

10. The right to keep and bear arms recognized in the Second Amendment is made applicable to the states by the Fourteenth Amendment. *McDonald, supra*.

11. This action challenges the constitutionality of certain provisions of the City's Ordinance No. 1831. A copy of the Ordinance is attached hereto as Exhibit A. The Ordinance was effective on July 12, 2022. The Ordinance added new provisions to the Louisville Municipal Code (the "Code").

12. Section 9.80.010 of the Code defines the term "assault weapon." Section 9.80.010 states that the term "illegal weapon" includes any "assault weapon." Section 9.84.010(a) of the Code makes it illegal to possess, sell or otherwise transfer any "illegal weapon" in the City.

13. The term "assault weapon" as used in the Code is not a technical term used in the firearms industry or community for firearms commonly available to civilians. Instead, the term is a rhetorically charged political term meant to stir the emotions of the public against those persons who choose to exercise their constitutional right to possess certain semi-automatic firearms that are commonly owned by millions of law-abiding American citizens for lawful purposes. Plaintiffs refuse to adopt the City's politically charged rhetoric in this Complaint. Therefore, for purposes of this Complaint, the term "Banned Firearm" shall have the same meaning as the term "assault weapon" in section 9.80.010 of the Code.

14. Section 9.86.010 of the Code provides an exception to the general illegality of Banned Firearms in the City. Under that section, a person who legally possessed a Banned Firearm on July 1, 2022, may apply to the Louisville Police Department for a certificate. If the Louisville

Police Department issues a certificate to a person and the person is later prosecuted for possession of a Banned Firearm, he may assert as a defense the fact that he has a certificate. No person in the City (including persons who have obtained a certificate) may acquire Banned Firearms or transfer a grandfathered Banned Firearm in the City, including to members of his own family. Any person who inherits a Banned Firearm must destroy it or remove it from the City.

15. Plaintiffs and/or their members currently own and possess Banned Firearms. Plaintiffs and/or their members desire to continue to possess the Banned Firearms in the City. Moreover, they wish to acquire more Banned Firearms, transfer their currently owned Banned Firearms to other persons in the City, and bequeath their Banned Firearms to their devisees.

16. The Second Amendment protects the right of law-abiding citizens to own weapons in common use by law-abiding citizens for lawful purposes. *Heller*, *supra*, at 627. This issue was addressed with respect to semi-automatic weapons such as the Banned Firearms made illegal in the Code and currently possessed by Plaintiffs in *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017), abrogated by *Bruen*, *supra*. In his dissent (which, after *Bruen*, likely represents the correct interpretation of the law), Judge Traxler stated:

> It is beyond any reasonable dispute from the record before us that a statistically significant number of American citizens possess semiautomatic rifles (and magazines holding more than 10 rounds) for lawful purposes. Between 1990 and 2012, more than 8 million AR- and AK- platform semiautomatic rifles alone were manufactured in or imported into the United States. In 2012, semiautomatic sporting rifles accounted for twenty percent of all retail firearms sales. In fact, in 2012, the number of AR- and AK- style weapons manufactured and imported into the United States was more than double the number of the most commonly sold vehicle in the U.S., the Ford F-150. In terms of absolute numbers, these statistics lead to the unavoidable conclusion that popular semiautomatic rifles such as the AR-15 are commonly possessed by American citizens for lawful purposes within the meaning of *Heller*.

*Id.*, 849 F.3d at 153, Traxler, J. dissenting (internal citations and quotation marks omitted).

17. Millions of law-abiding citizens own and use for lawful purposes semi-automatic firearms such as the Banned Firearms currently possessed by Plaintiffs. The Code's prohibition on the possession, sale, or other transfer of the Banned Firearms possessed by Plaintiffs and/or their members violates the Second Amendment. Moreover, the Code's prohibition on carrying even Banned Firearms legally owned prior to July 1, 2022 violates the Second Amendment as elucidated in *Bruen*.

18. Section 9.80.010 of the Code defines the term "large-capacity magazine" to mean any firearm magazine capable of holding more than ten rounds of ammunition. Section 9.80.010 states that the term "illegal weapon" includes any "large-capacity magazine." Section 9.84.010(a) of the Code makes it illegal to possess, sell or otherwise transfer any "illegal weapon."

19. The Code again uses politically charged rhetoric to describe the arms it bans. The Code's characterization of these magazines as "large capacity" is a misnomer. Magazines capable of holding more than 10 rounds are standard capacity magazines. Plaintiffs refuse to adopt the City's politically charged rhetoric in this Complaint. Therefore, for purposes of this Complaint, the term "Banned Magazine" shall have the same meaning as the term "large-capacity magazine" in section 9.80.010 of the Code.

20. In his dissent in *Kolbe v. Hogan*, Judge Traxler also addressed magazines such as the Banned Magazines. He stated:

> The record also shows unequivocally that magazines with a capacity of greater than 10 rounds are commonly kept by American citizens, as there are more than 75 million such magazines owned by them in the United States. These magazines are so common that they are standard on many firearms: On a nationwide basis most pistols are manufactured with magazines holding ten to 17 rounds. Even

>  more than 20 years ago, fully 18 percent of all firearms owned by civilians were equipped with magazines holding more than ten rounds."

*Id.*, 849 F.3d at 154, Traxler, J. dissenting (internal citations and quotation marks omitted).

21. Law-abiding citizens own literally tens of millions of Banned Magazines such as those owned and possessed by Plaintiffs and/or their members. The Code's prohibition on the possession, sale, or other transfer of the Banned Magazines owned by Plaintiffs and/or their members violates the Second Amendment.

22. On July 22, 2022, this Court entered an order in *Rocky Mountain Gun Owners v. The Town of Superior*, Case No. 22-cv-1685, in which it restrained enforcement of certain provisions of a Town of Superior, Colorado ordinance (the "Superior Order").

23. In the Superior Order, this Court held there was a strong likely that the plaintiffs in that case would prevail on the merits of their constitutional challenge to the Superior ordinance provisions banning so-called assault weapons and large capacity magazines. Those restrained ordinance provisions are substantially identical to the ordinance provisions challenged in this action.

24. There is an actual and present controversy between the parties. The Code infringes on Plaintiffs' right to keep and bear arms under the Second Amendment by generally prohibiting the possession of arms that are commonly possessed by millions of Americans for lawful purposes. Defendant denies these contentions. Plaintiffs desire a judicial declaration that the Code sections identified above, facially and/or as applied to them, violate their constitutional rights. Plaintiffs should not be forced to choose between risking criminal prosecution and exercising their constitutional rights. This is true even if certain provisions of the Code provide affirmative defenses to criminal prosecution. The risk of criminal prosecution on account of

exercising a constitutionally protected right unlawfully chills the exercise of that right and thus violates the Constitution even if the criminal defendant ultimately prevails.

25.     Plaintiffs are or will be injured by Defendant's enforcement of the Code sections identified above insofar as those provisions violate Plaintiffs' rights under the Second Amendment by precluding the acquisition, possession, transfer and use of arms that are "typically possessed by law-abiding citizens for lawful purposes" nationwide.  If not enjoined by this Court, Defendant will enforce the Code in derogation of Plaintiffs' constitutional rights. Plaintiffs have no plain, speedy, and adequate remedy at law.  Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity due to Defendant's present or contemplated enforcement of these provisions.

## V. FIRST CLAIM FOR RELIEF
### Right to Keep and Bear Arms
### U.S. Const., amends. II and XIV

26.     Paragraphs 1-25 are realleged and incorporated by reference.

27.     The Code's definition of "illegal weapon" includes many firearms and firearms magazines that are "typically possessed by law-abiding citizens for lawful purposes" nationwide.  The Code, therefore, generally prohibits residents of the City, including Plaintiffs, from acquiring, keeping, possessing, and/or transferring arms protected by the Second Amendment.  There are significant penalties for violations of the Code.

28.     These restrictions infringe on the right of the people of the City, including Plaintiffs, to keep and bear arms as guaranteed by the Second Amendment and made applicable to Colorado and its political subdivisions by the Fourteenth Amendment.

29.     The Code's prohibitions extend into Plaintiffs' homes, where Second Amendment protections are at their zenith.

30.     Defendant cannot satisfy its burden of justifying these restrictions on the Second Amendment right of the People, including Plaintiffs, to bear, acquire, keep, possess, transfer, and use arms that are in common use by law-abiding adults throughout the United States for the core right of self-defense in the home and other lawful purposes.

## VI.  PRAYER FOR RELIEF

Plaintiffs pray that the Court:

31.     Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Code sections identified herein are unconstitutional on their face or as applied to the extent their prohibitions apply to law-abiding adults seeking to acquire, use, transfer, or possess arms that are in common use by the American public for lawful purposes;

32.     Enter preliminary and permanent injunctive relief enjoining Defendant and its officers, agents, and employees from enforcing the unconstitutional Code sections identified above;

33.     Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law; and

34.     Grant any such other and further relief as the Court may deem proper.

Respectfully submitted this 18th day of August, 2022.

*/s/ Barry K. Arrington*

_____
Barry K. Arrington
Arrington Law Firm
3801 East Florida Avenue, Suite 830
Denver, Colorado 80210
Voice:  (303) 205-7870; Fax:  (303) 463-0410
Email:  barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*

Plaintiffs' Addresses:
National Association for Gun Rights
Rocky Mountain Gun Owners
2300 West Eisenhower Boulevard
Loveland, Colorado 80537

Bryan LaFonte
Craig Wright
Gordon Madonna
c/o plaintiffs' counsel